*Mitchell v. Marco D. Flores, Esq. et al. — Verified Complaint (SDTX Galveston)*

## PRO SE INCARCERATED LITIGANT — MAILED FROM CUSTODY

*Pursuant to Houston v. Lack, 487 U.S. 266 (1988), this filing is deemed filed on the date delivered to prison officials for mailing.*

*Plaintiff respectfully requests liberal construction. Haines v. Kerner, 404 U.S. 519 (1972).*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**GALVESTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

APR 17 2026

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| ANDREW J. MITCHELL, individually and d/b/a MITCHELL ADJUSTING INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>**MARCO D. FLORES, ESQ., individually and as Managing Partner of Stormlex Law Group; STORMLEX LAW GROUP (f/k/a Flores & Pelaez-Prada, PLLC); and JOHN DOES 1–5,**<br><br>Defendants. | Civil Action No.: _____<br><br>Judge: _____<br><br>Magistrate Judge: _____<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT AND PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

*(Civil RICO — 18 U.S.C. §§ 1961–1968 | Wire Fraud — 18 U.S.C. § 1343 | Breach of Contract | Conversion | Unjust Enrichment | Breach of Fiduciary Duty | Declaratory Judgment)*

## NOTICE OF RELATED CASES

The following ten cases are currently pending in this Division arising from the same operative facts and are related within the meaning of Local Rule 3.2:

| Case No. | Case Title |
|---|---|
| 3:26-CV-87 | Mitchell v. State Farm Fire & Casualty Co. |
| 3:26-CV-88 | Mitchell v. Allstate Insurance Company |

*Mitchell v. Marco D. Flores, Esq. et al. — Verified Complaint (SDTX Galveston)*

| 3:26-CV-89 | Mitchell v. GeoVera Specialty Insurance Co. |
|---|---|
| 3:26-CV-90 | Mitchell v. Client AR Joinder (209 defendants) |
| 3:26-CV-92 | Mitchell v. McClenny & Moseley, Individually |
| 3:26-CV-93 | Mitchell v. Chad T. Wilson Law Firm PLLC |
| 3:26-CV-95 | Mitchell v. Pandit Law Firm LLC |
| 3:26-CV-96 | Mitchell v. Lionheart Funding LLC et al. |
| 3:26-CV-97 | Mitchell v. LCF Group LLC |
| 3:26-CV-99 | Mitchell v. PMC Funding 2021 LLC |

Plaintiff respectfully requests that this action be assigned to the same judge presiding over the above-related cases.

## I. PRELIMINARY STATEMENT

Plaintiff Andrew J. Mitchell, owner and sole member of Mitchell Adjusting International LLC ("MAI"), brings this action against Marco D. Flores, Esq. individually and as Managing Partner of Stormlex Law Group (formerly Flores & Pelaez-Prada, PLLC) (collectively "Defendants") for documented wire fraud, conversion, and RICO violations arising from Defendants' systematic withholding of MAI's earned public adjusting fees on two large commercial hotel insurance claims. On the ADKP/Motel 6 claim, Defendants settled the claim without disclosing the settlement amount to MAI, issued a check for $7,250.00 from their IOLTA Account expressly acknowledging it as MAI's PA fee, and then mailed that joint check to the client rather than to MAI — ensuring MAI received nothing. On the JAID Hospitality/La Quinta claim, no payment whatsoever has been made. Because Defendants have exclusive control of all settlement information, the full amount owed to MAI on the ADKP claim can only be established through the accounting Plaintiff seeks herein; the floor is $7,250.00 (Defendants' own written admission), while MAI's Xactimate-based fee entitlement is $35,574.95. Combined with the $53,356.41 JAID claim, total provable minimum compensatory damages are not less than $60,606.41, with the true ADKP amount to be established through discovery.

This case is anchored by an extraordinary documentary admission: on October 5, 2022, Defendants' own firm — operating as Flores & Pelaez Prada, PLLC — issued Check No. 1109 from their IOLTA Account for $7,250.00, payable jointly to "ADKP Hospitality, LLC d/b/a Motel 6 and Andrew Mitchell," with the memo notation "10/36 Settlement - PA Fees." This document establishes on its face that: (1) Defendants knew the ADKP claim settled; (2) Defendants knew MAI was an entitled payee; (3) Defendants expressly acknowledged MAI's public adjusting fee in writing; and (4) Defendants then transmitted that joint check by interstate mail not to MAI — the named payee — but to the client (Jignesh Patel at the Motel 6 property address), ensuring MAI would never receive it. MAI never received, endorsed, or negotiated Check No. 1109.

Moreover, the $7,250.00 figure itself reveals a critical problem: if $7,250.00 represents 10% of the settlement amount, the implied settlement was approximately $72,500.00 — far below MAI's certified Xactimate estimate of $355,749.49 for the Motel 6 property. Plaintiff was never informed of the settlement amount, never participated in any settlement negotiation, and was given no opportunity to contest a settlement that appears to have been reached at a fraction of the documented loss. MAI's true fee entitlement on the ADKP claim is 10% of whatever Defendants actually received — a number exclusively within Defendants' knowledge. The JAID Hospitality/La Quinta claim, with a MAI

Xactimate estimate of $533,564.08, has received zero payment. A full accounting is essential to establish the true damages on both claims.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) because this action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and the wire fraud statute, 18 U.S.C. § 1343. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) also exists as an independent alternative basis: although both parties are Texas citizens, the amount in controversy — RICO treble damages on a minimum compensatory base of $60,606.41 (floor), plus the full ADKP amount to be proven through accounting, plus punitive damages — exceeds $75,000, and federal question jurisdiction under RICO independently confers subject matter jurisdiction regardless of citizenship.

Venue is proper in the Southern District of Texas, Galveston Division, under 28 U.S.C. § 1391(b)(2) and 18 U.S.C. § 1965(a) because: (a) MAI's principal place of business was located at 1500 Marina Bay Drive, Building 122, Kemah, Texas 77565 — within Galveston County — where all adjusting work was performed, all estimates prepared, all files maintained, and all payment obligations owed; (b) the predicate wire transmissions — including transmission of MAI's Xactimate estimates to Defendants by wire, and Defendants' mailing of the joint check to the wrong party — were directed to and from Galveston County; and (c) all financial injury occurred at MAI's Galveston County place of business.

## III. PARTIES

**A. Plaintiff.** Andrew J. Mitchell is a Texas citizen and the owner and sole member of Mitchell Adjusting International LLC (EIN: 85-0531670; principal place of business: 1500 Marina Bay Drive, Building 122, Kemah, Texas 77565 — Galveston County). Plaintiff held Louisiana Public Adjuster License No. 576993 and Texas public adjuster licensure during all relevant periods. Plaintiff is currently incarcerated at Jackson Parish Correctional Center, 1828 Gansville Road, Jonesboro, Louisiana 71251, and proceeds pro se. Pursuant to Houston v. Lack, 487 U.S. 266 (1988), this Complaint is deemed filed as of the date delivered to prison officials for mailing.

**B. Defendant Marco D. Flores, Esq.** is an attorney licensed to practice law in the State of Texas and is the Managing Partner of Stormlex Law Group (formerly Flores & Pelaez-Prada, PLLC), located at 3522 Paesanos Pkwy, Suite 200, San Antonio, Texas 78231 (phone: 210-361-0070). Flores individually directed, controlled, and authorized the receipt of MAI's estimates by wire, the settlement negotiations, the issuance of Check No. 1109, the decision to mail that joint check to the client rather than MAI, and the decision to withhold all fees on the JAID Hospitality claim. Flores is named individually and as Managing Partner and is jointly and severally liable.

**C. Defendant Stormlex Law Group** (formerly Flores & Pelaez-Prada, PLLC) is a Texas law firm at 3522 Paesanos Pkwy, Suite 200, San Antonio, Texas 78231. The firm's IOLTA Account issued Check No. 1109 naming MAI as a joint payee, which the firm then diverted to the client. The firm has withheld all fees on both claims.

**D. John Does 1–5** are unknown individuals, employees, or agents of Defendants whose identities will be ascertained through discovery.

## IV. FACTUAL BACKGROUND

### A. Two Signed PA Contracts — Two Large Commercial Hotel Claims.

Defendants retained MAI to perform complete public adjusting services on two commercial hotel insurance claims arising from a May 27, 2020 hail/wind loss in San Antonio, Texas. For each claim, MAI

executed a written Public Adjuster Contract with the hotel owner, entitling MAI to a fee of 10% of the amount collected. MAI performed all services from Kemah, Galveston County, Texas, and transmitted all Xactimate estimates to Defendants by interstate wire:

| Client / Hotel | Property / Insurer | Policy No. | MAI Estimate | MAI Fee (10%) | Paid to MAI |
|---|---|---|---|---|---|
| ADKP Hospitality LLC dba Motel 6 (Jignesh Patel) | 2185 SW Loop 410 San Antonio, TX Mt. Hawley Ins. Co. | MCP0168448 Claim: 00485642 | $355,749.49 | $7,250.00 (floor) — $35,574.95 (ceiling); subject to accounting | $0.00 (check diverted to client — Exhibit C) |
| JAID Hospitality LLC dba La Quinta Inn (Usma Patel) | 5922 NW Expressway San Antonio, TX American Property Ins. | CPP-17472-K19-AG3 | $533,564.08 | $53,356.41 | $0.00 (never paid) |
| TOTAL | Both claims | 2 signed contracts | $889,313.57 | $60,606.41 minimum floor (ADKP $7,250 + JAID $53,356.41); true total subject to proof | $0.00 |

**B. The ADKP Claim — Settlement Documented, Joint Check Issued, Check Deliberately Diverted.**

The ADKP / Motel 6 claim settled, and on October 5, 2022, Defendants' firm issued Check No. 1109 from the Flores & Pelaez Prada IOLTA Account for $7,250.00, payable jointly to "ADKP Hospitality, LLC d/b/a Motel 6 and Andrew Mitchell," with the memo: "10/36 Settlement - PA Fees." This check was transmitted by Defendants via interstate mail to Motel 6 - Seaworld, Attn: Jignesh Patel, 2185 Southwest Loop 410, San Antonio TX 78227 — the client's address — not to MAI. Defendants' own cover letter, signed by Valerie Rios (Assistant to Jake Rogiers at Flores & Pelaez Prada), enclosed the check and described it as payment to "the Public Adjuster and the insured."

MAI never received Check No. 1109. MAI never endorsed it. MAI never negotiated it. Defendants transmitted a joint check naming MAI as a co-payee directly to the other co-payee — effectively ensuring MAI would receive nothing, as the client could not legally negotiate a jointly payable check without MAI's endorsement. Whether the check was ultimately negotiated by the client without MAI's endorsement — itself a potential forgery — or simply withheld, the result is the same: MAI received nothing.

The $7,250.00 amount on Check No. 1109 is itself revealing. If $7,250.00 represents 10% of the ADKP settlement, the implied settlement amount is approximately $72,500.00 — a fraction of MAI's $355,749.49 Xactimate estimate. Plaintiff was never informed of the settlement amount, never invited to

participate in or review any settlement negotiation, and was given no opportunity to contest a settlement reached far below the documented loss value. Defendants have exclusive control of all settlement information. MAI's actual fee entitlement is 10% of whatever amount Defendants actually settled the ADKP claim for — a figure that can only be established through the full accounting Plaintiff seeks herein. The $7,250.00 figure is therefore a floor, not a ceiling, on MAI's ADKP fee claim, and Defendants' own check constitutes a written admission that a settlement occurred and that a PA fee was owed.

## C. The JAID Hospitality / La Quinta Claim — No Payment Whatsoever.

MAI performed a complete public adjusting engagement for JAID Hospitality Development LLC dba La Quinta Inn & Suites at 5922 Northwest Expressway, San Antonio, Texas 78201, under a signed Public Adjuster Contract with Usma Patel (JAID Hospitality), executed June 23, 2020. MAI prepared a certified Xactimate estimate of $533,564.08 for hail/wind damage under American Property Insurance Co. policy CPP-17472-K19-AG3, transmitted to Defendants by wire. Defendants have made no payment to MAI on this claim. Defendants have provided no accounting of settlement status, settlement amount, or fee disbursement. Plaintiff does not know whether this claim settled; Defendants have exclusive control of all such information.

## D. Interstate Wire Transmissions in Furtherance of the Scheme.

Each of the following constitutes a separate predicate act of wire fraud under 18 U.S.C. § 1343: (1) MAI's transmission of the ADKP Xactimate estimate ($355,749.49) by interstate wire from Kemah, Texas to Defendants in San Antonio; (2) MAI's transmission of the JAID La Quinta Xactimate estimate ($533,564.08) by interstate wire from Kemah, Texas to Defendants in San Antonio; (3) Defendants' wire transmissions of MAI's estimates to Mt. Hawley Insurance Company and American Property Insurance Company in furtherance of obtaining settlements; (4) Defendants' interstate mail transmission of Check No. 1109 — a joint check naming MAI as co-payee — to the client's address rather than to MAI, in furtherance of depriving MAI of funds; (5) any wire receipt of settlement proceeds by Defendants on either claim; and (6) any additional wire communications between Defendants, insurers, or clients concerning the settlement or disposition of funds on either claim.

## V. RICO ALLEGATIONS — 18 U.S.C. §§ 1961–1968

## A. The Enterprise.

Defendants Marco D. Flores, Esq., Stormlex Law Group, and John Does 1–5 constitute an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) (the "StormLex Enterprise"). The StormLex Enterprise operates by retaining public adjusters to perform complete adjusting work, collecting insurance settlement proceeds, and then systematically withholding the adjusters' earned fees — as demonstrated by the documented diversion of Check No. 1109 away from MAI and the complete non-payment on the JAID claim.

## B. Pattern of Racketeering Activity — Wire Fraud Predicates.

The StormLex Enterprise engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) consisting of multiple related predicate acts of wire fraud under 18 U.S.C. § 1343, as set forth in Section IV.D above. Each wire transmission constitutes a separate predicate act. The pattern of multiple related predicate acts across two claims, spanning 2020 through 2022, satisfies RICO's pattern requirement. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989).

## C. Individual Liability of Marco D. Flores.

Flores personally directed all aspects of the StormLex Enterprise's scheme, including authorizing the issuance of Check No. 1109 naming MAI as a co-payee and then directing that check to be mailed to the

client rather than to MAI. Flores is individually liable under 18 U.S.C. § 1962(c) and § 1962(d).

**D. Causation and Damages.**

Defendants' racketeering activity directly caused: (1) loss of MAI's earned fee on the ADKP claim — a minimum of $7,250.00 (Defendants' own written admission) and up to $35,574.95 (10% of MAI's Xactimate estimate), with the true amount to be established through the accounting sought herein; (2) loss of $53,356.41 in earned MAI fees on the JAID claim; totaling compensatory damages of not less than $60,606.41 at minimum, with the full ADKP amount subject to proof through discovery. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985).

## VI. CAUSES OF ACTION

### COUNT I — CIVIL RICO — 18 U.S.C. § 1962(c)

Plaintiff incorporates all prior paragraphs. Defendants each conducted and participated in the affairs of the StormLex Enterprise through a pattern of racketeering activity including multiple predicate acts of wire fraud. Plaintiff is entitled to RICO treble damages of not less than $181,819.23 (3 × $60,606.41 minimum floor — ADKP $7,250.00 floor + JAID $53,356.41), with the true treble amount to be established through accounting of the actual ADKP settlement amount, plus costs and attorney's fees under 18 U.S.C. § 1964(c).

### COUNT II — CIVIL RICO CONSPIRACY — 18 U.S.C. § 1962(d)

Plaintiff incorporates all prior paragraphs. Defendants, including Marco D. Flores individually, agreed and conspired to violate 18 U.S.C. § 1962(c) through the scheme of wire fraud and fee diversion described herein. The conspiracy proximately caused Plaintiff's injuries.

### COUNT III — WIRE FRAUD — 18 U.S.C. § 1343

Plaintiff incorporates all prior paragraphs. Defendants devised and executed a scheme to defraud Plaintiff by using interstate wire communications — including transmission of MAI's estimates to insurers and mailing of a joint check to the wrong party — to obtain the benefit of MAI's complete adjusting services while depriving MAI of its earned fees. Each such transmission constitutes a separate violation.

### COUNT IV — BREACH OF CONTRACT

Plaintiff incorporates all prior paragraphs. MAI's written Public Adjuster Contracts with each insured client entitle MAI to 10% of all amounts collected. Defendants, as the attorneys of record who received settlement proceeds on MAI's clients' files, are obligated to remit MAI's fees from those proceeds. Defendants materially breached this obligation on both claims.

### COUNT V — CONVERSION

Plaintiff incorporates all prior paragraphs. Check No. 1109 was issued payable jointly to MAI and the client — MAI had a documented, named property interest in those funds. Defendants exercised wrongful dominion over Plaintiff's property by mailing that jointly payable check to the client rather than to MAI, depriving MAI of funds it was expressly named to receive. Additionally, any settlement proceeds received on the JAID claim that included MAI's 10% fee constitute conversion of Plaintiff's property. Waisath v. Lack's Stores, Inc., 474 S.W.2d 444 (Tex. 1971).

### COUNT VI — UNJUST ENRICHMENT

Plaintiff incorporates all prior paragraphs. Defendants received settlement proceeds containing MAI's earned fees. It would be inequitable and unconscionable for Defendants to retain those funds. City of Alexandria v. Brown, 740 F.3d 339 (5th Cir. 2014).

### COUNT VII — BREACH OF FIDUCIARY DUTY

Plaintiff incorporates all prior paragraphs. Defendants held settlement funds — including MAI's earned portion — in their IOLTA Account in a fiduciary capacity. Defendants breached their fiduciary duty to MAI by issuing an underpayment check, mailing it to the wrong party, and withholding all fees on the second claim. In re Segerstrom, 247 F.3d 218 (5th Cir. 2001).

## COUNT VIII — DECLARATORY JUDGMENT (28 U.S.C. § 2201)

Plaintiff seeks a declaration establishing: (a) MAI's contractual right to 10% of all settlement amounts on both claims; (b) the enforceability of each signed Public Adjuster Contract; and (c) Defendants' obligation to provide a full accounting and turnover of all withheld funds.

## COUNT IX — ACCOUNTING AND CONSTRUCTIVE TRUST

Defendants must provide a complete accounting of all settlement funds received on both the ADKP and JAID claims. All funds belonging to Plaintiff should be placed in constructive trust pending Court-ordered disbursement.

## COUNT X — PUNITIVE AND EXEMPLARY DAMAGES

BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996). Defendants' deliberate mailing of a joint check to the wrong party — combined with settling the ADKP claim for a fraction of its documented value without notifying MAI, issuing a PA fee check that itself understates MAI's true entitlement, and complete non-payment on the JAID claim — constitutes intentional misconduct and bad faith warranting punitive damages of no less than three times the compensatory award.

## VII. DAMAGES

A. ADKP / Motel 6 — MAI fee: not less than $7,250.00 (Defendants' written admission, Check No. 1109) and up to $35,574.95 (10% of $355,749.49 Xactimate estimate); true amount to be established through full accounting of actual settlement proceeds received by Defendants

B. JAID Hospitality / La Quinta — MAI fee (10% of $533,564.08 Xactimate estimate): $53,356.41

C. Total compensatory damages (minimum floor): not less than $60,606.41 (ADKP $7,250.00 floor + JAID $53,356.41); true total subject to proof through accounting

D. RICO treble damages under 18 U.S.C. § 1964(c): not less than $181,819.23 (3 × $60,606.41 floor), with true treble amount subject to proof through accounting of actual ADKP settlement

E. Additional settlement amounts if claims settled above MAI estimates: to be proven through accounting

F. Punitive and exemplary damages: no less than 3 times compensatory award

G. Pre- and post-judgment interest at the maximum lawful rate

H. Attorney's fees and costs pursuant to 18 U.S.C. § 1964(c)

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andrew J. Mitchell respectfully requests that this Court:

a. Enter judgment for Plaintiff against all Defendants, including Marco D. Flores, Esq. individually, jointly and severally, for compensatory damages of not less than $60,606.41 (minimum floor: ADKP $7,250.00 admission + JAID $53,356.41), with the full ADKP amount to be established through accounting;

b. Award RICO treble damages of not less than $181,819.23 (floor) pursuant to 18 U.S.C. § 1964(c), with the true amount subject to proof through accounting;

c. Order Defendants to provide a complete accounting of all settlement funds received on the ADKP

Hospitality / Motel 6 and JAID Hospitality / La Quinta claims;

d. Impose a constructive trust on all settlement funds withheld from Plaintiff;

e. Enter declaratory judgment establishing Plaintiff's right to 10% of all settlement amounts and the enforceability of each signed Public Adjuster Contract;

f. Award punitive and exemplary damages of no less than three times the compensatory award;

g. Award attorney's fees and costs pursuant to 18 U.S.C. § 1964(c);

h. Award pre- and post-judgment interest at the maximum lawful rate;

i. Direct U.S. Marshal service on all Defendants pursuant to 28 U.S.C. § 1915(d); and

j. Grant such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable under federal law.

## VERIFICATION UNDER PENALTY OF PERJURY

I, Andrew J. Mitchell, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in this action and the sole member of Mitchell Adjusting International LLC; that I have read the foregoing Complaint; and that the facts stated therein are true and correct to the best of my knowledge, information, and belief. The Xactimate figures referenced herein are derived from MAI's certified damage estimates prepared in June–July 2020. Check No. 1109 referenced herein is a true and correct document from Defendants' own IOLTA Account.

Executed on _____, 2026.

_____
Andrew J. Mitchell, Pro Se Plaintiff
USM No. 42119-511 | LA DOC # 782047

Jackson Parish Correctional Center

1828 Gansville Road, Jonesboro, Louisiana 71251

Outside Litigation Coordinator: Ronald C. Anderson — mitchelllitigation@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Complaint will be served on Defendants via United States Marshal Service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), upon issuance of summons by the Clerk of Court. Defendants Marco D. Flores, Esq. and Stormlex Law Group may be served at: 3522 Paesanos Pkwy, Suite 206, San Antonio, Texas 78231.

_____
Andrew J. Mitchell, Pro Se Plaintiff

April 14, 2026

Clerk of Court

United States District Court

Southern District of Texas, Galveston Division

601 Rosenberg, Room 411

Galveston, Texas 77550

United States Courts
Southern District of Texas
F I L E D

APR 17 2026

Nathan Ochsner, Clerk of Court

**RE:** *Andrew J. Mitchell v. Marco D. Flores, Esq., individually and d/b/a StormLex Law Group*

**New Civil Action — Filing of Original Complaint**

Dear Clerk of Court:

Enclosed for filing please find the following documents in the above-referenced new civil action:

1. Original Complaint (Verified)
2. AO 240 — Application to Proceed In Forma Pauperis
3. Inmate Trust Account / Commissary Statement (Indigency Certification)
4. JS-44 — Civil Cover Sheet
5. AO 440 — Summons (2: Marco D. Flores individually; StormLex Law Group)
6. Service Information Sheet
7. USM-285 — U.S. Marshal Service Request (2 forms)
8. Exhibit A — Claim Information

Plaintiff respectfully requests that the Clerk accept this filing pursuant to the mailbox rule established in *Houston v. Lack*, 487 U.S. 266 (1988), as Plaintiff is a pro se litigant currently incarcerated at the facility identified above. This complaint is deemed filed as of the date it was placed in the institutional mail system.

Plaintiff further requests that the Court grant leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and direct the United States Marshal Service to effect service upon the defendants pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). The AO 440 Summonses and USM-285 forms for each defendant are enclosed herewith.

Plaintiff is a pro se litigant and respectfully requests that all pleadings be liberally construed pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff further requests that all hearings, conferences, and proceedings be conducted by videoconference, as Plaintiff is incarcerated in another state and cannot appear in person.

This action is related to the following pending cases before this Court, all arising from the same underlying accounts receivable portfolio of Mitchell Adjusting International LLC:

Case No. 3:26-CV-87 — Mitchell v. State Farm Fire & Casualty Co.
Case No. 3:26-CV-88 — Mitchell v. Allstate Insurance Company
Case No. 3:26-CV-89 — Mitchell v. GeoVera Specialty Insurance Co.

Case No. 3:26-CV-90 — Mitchell v. Client AR Joinder (209 Defendants)
Case No. 3:26-CV-92 — Mitchell v. McClenny & Moseley, Individually
Case No. 3:26-CV-93 — Mitchell v. Chad T. Wilson Law Firm PLLC
Case No. 3:26-CV-95 — Mitchell v. Pandit Law Firm LLC
Case No. 3:26-CV-96 — Mitchell v. Lionheart Funding LLC et al.
Case No. 3:26-CV-97 — Mitchell v. LCF Group LLC
Case No. 3:26-CV-99 — Mitchell v. PMC Funding 2021 LLC

Thank you for your attention to this matter. Please file-stamp the enclosed complaint and return one copy to Plaintiff at the address above.

Respectfully submitted,

Andrew J. Mitchell, Pro Se

Jackson Parish Correctional Center

1828 Gansville Rd

Jonesboro, Louisiana 71251