United States District Court
Southern District of Texas
ENTERED
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00124 |
| | § | |
| MARCO D FLORES, ESQ., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a motion to dismiss filed by Defendants Marco D. Flores, Esq., and Flores & Pelaez-Prada, PLLC d/b/a Stormlex Law Group. *See* Dkt. 25. Having reviewed the operative pleading, the briefing, and the applicable law, I recommend that Defendants' motion be granted as to Plaintiff Andrew Mitchell's RICO claims, and that the court decline to exercise supplemental jurisdiction over Mitchell's remaining state law claims and dismiss them without prejudice.

## BACKGROUND

This lawsuit is one of 20 that Mitchell has filed against various defendants seeking to recover compensation he claims he is owed for his work as a licensed public adjuster. Mitchell claims that Defendants mailed a check (IOLTA Check No. 1109) naming Mitchell as a co-payee to Defendants' client rather than to Mitchell directly and have withheld other compensation that Mitchell is owed for his work as a licensed public adjuster. *See* Dkt. 22 at 3. Mitchell asserts Texas state law claims for quantum meruit/unjust enrichment, money had and received, conversion, breach of fiduciary duty, and accounting and constructive trust. Mitchell also claims that Defendants have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a federal statute. *See* 18 U.S.C. §§ 1961–1968.

Mitchell's RICO claims are his only federal claims. All the parties in this case are Texas citizens. The only reason that Mitchell can bring this case in federal court is because he asserts RICO claims. Defendants have moved to dismiss all claims, arguing that Mitchell fails to state a claim upon which relief may be granted. Because I find that Mitchell fails to state a RICO claim, I need not address whether Mitchell can state a state law claim for relief. In the Fifth Circuit, when all federal claims are dismissed at the pleading stage before any discovery has begun—as is the case here—the proper course of action is for the court to decline to exercise supplemental jurisdiction over the Plaintiff's state law claims and dismiss them without prejudice. *See Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) ("It is our general rule that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case." (cleaned up)); *see also* 28 U.S.C. § 1367(c)(3).

## LEGAL STANDARD

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point

of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

**ANALYSIS**

RICO claims "have three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (quotation omitted). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. . . . The predicate acts can be either state or federal crimes." *Id.* Here, Mitchell alleges that Defendants engaged in "predicate acts of wire and mail fraud under 18 U.S.C. §§ 1343 and 1341." Dkt. 22 at 12.

"Both mail fraud and wire fraud require a scheme or artifice *to defraud* which includes false or fraudulent pretenses, representations or promises, requiring proof of intent to defraud." *Chris Albritton Const. Co., Inc. v. Pitney Bowes Inc.*, 304 F.3d 527, 532 (5th Cir. 2002). Here, Mitchell does not allege that Defendants made any false or fraudulent pretenses, representations, or promises

to anyone, or otherwise engaged in deceptive conduct. Rather, Mitchell alleges that his *own* transmission of estimates for insurance claims to Defendants, "and [Defendants'] onward transmission" of those estimates "by wire to [insurers]," were acts of wire fraud. Dkt. 22 at 12. But Defendants' mere acceptance of Mitchell's transmissions, and Defendants' forwarding of those transmissions, are not artifices to defraud. Nor is the mailing of check jointly payable to Mitchell to someone other than Mitchell or the "wire receipt of settlement proceeds by Defendants" an artifice to defraud. *Id.*; *see Johnson Enters. of Jack., Inc. v. FPL Grp.*, 162 F.3d 1290, 1318 (11th Cir. 1998) (holding that even nonpayment for an extortionate purpose is not an act of racketeering).

The RICO "statute does not reject all business practices that do not fulfill expectations, nor does it taint every breach of a business contract. Its condemnation of a 'scheme or artifice to defraud' implicates only plans calculated to deceive." *United States v. Kreimer*, 609 F.2d 126, 128 (5th Cir. 1980). Because Mitchell has not identified any deception by Defendants, he fails to plausibly allege that Defendants engaged in any predicate act. Without a predicate act, there can be no pattern of racketeering activity and thus, no RICO claim. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016) ("[C]ivil-RICO liability should not exist unless the pleadings allege actual criminal activity.").

Mitchell's RICO-conspiracy claim under § 1962(d) also fails without a plausible predicate act. "The core of a RICO civil conspiracy is an agreement to commit predicate acts." *Tel-Phonic Servs., Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1140 (5th Cir. 1992). Because Mitchell has not alleged any predicate acts of mail or wire fraud—or any agreement to commit such acts—he fails to state a RICO-conspiracy claim. Accordingly, Defendants are entitled to dismissal of Mitchell's RICO claims against them.

In opposing dismissal, Mitchell requests leave to amend to add: "the transmittal correspondence from Defendants' office enclosing Check No. 1109, signed by Valerie Rios as assistant to Jacob Rogiers, and its date; the addressee

and mailing address to which the check was sent; and the dates of the estimate transmittals as reflected in the certified Xactimate files." Dkt. 27 at 7. Adding these allegations would not cure the defects identified above. The problem with Mitchell's RICO claims is not a lack of specificity; the problem is that Mitchell fails to plausibly allege the criminal conduct required to state a RICO claim. Because the additional facts that Mitchell would add in an amended complaint do not cure Mitchell's failure to plausibly allege predicate acts, permitting Mitchell to amend would be futile.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (Dkt. 25) should be granted as to Mitchell's RICO claims, which the court should dismiss with prejudice. The court should decline to exercise supplemental jurisdiction over Mitchell's state law claims and dismiss them without prejudice.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 1st day of October 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE